**STATE of Delaware, Petitioner,**

v.

**Mark E. BARKSDALE,\* Respondent.**

Family Court of Delaware,
New Castle County.

Submitted July 6, 1982.

Decided July 9, 1982.

Allan Wendelburg, Deputy Atty. Gen., Wilmington, for petitioner.

Mary Ann Herlihy, Asst. Public Defender, Wilmington, for respondent.

GALLAGHER, Judge:

Respondent has moved the court for an order dismissing the charges of terroristic threatening (81–8–65–4) and reckless endangering in the first degree (81–8–65–2) because of the failure of the State to provide him with a speedy trial. The charges against respondent are quite serious. With respect to reckless endangering in the first degree the charge is that respondent attacked his brother with a wooden statue and a six-inch knife and forced him from the house with the same. With respect to terroristic threatening the charge is that respondent threatened to kill his brother

---

\* A pseudonym adopted to protect the privacy of the juvenile respondent.

while holding an open knife. Both of these offenses are alleged to have occurred on August 3, 1981.

Complaints alleging the above offenses were received in Family Court on August 4, 1981. The petitions alleging the offenses were executed on December 1, 1981. The petitions were scheduled for case review on January 7, 1982, and since no plea agreement was reached they were set down for trial. On January 7, 1982, respondent moved for an order dismissing all pending charges because of the failure of the State to provide him with a speedy trial. The State argued that the motion should be denied because six months had not elapsed since the alleged incident date. The motion was denied on January 7, 1982. On January 25, 1982, all pending charges were scheduled for trial. None of the State's witnesses, including the alleged victim, appeared for trial. Respondent who had had transportation arranged through the Division of Social Services did not appear because the transporting vehicle was stuck in the ice. The following day, January 26, 1982, the parties were before the court and all pending charges other than those here involved were disposed of by a plea agreement. Respondent received a suspended commitment on January 26, 1982, to Ferris School with a year's supervised probation. According to the disposition the State reserved the right to go to trial on the remaining two charges.

Nothing further happened with respect to the above petitions after January 26, 1982, until respondent moved for dismissal of the petitions on July 6, 1982. They have not been scheduled for hearing by the scheduling department as they should have been. The State has done nothing to encourage the scheduling department to schedule these petitions for trial. Neither has respondent. Respondent asserts that he wishes to apply for acceptance in the Job Corps, the wish he entertained when his first motion was denied on January 7, 1982. He complains that he is barred from the Job Corps while these charges are pending.

Eleven months have elapsed since the alleged incident date. Over seven months have elapsed since the petitions were executed. Almost six months have elapsed since the one scheduled trial date. Almost six months have elapsed since the State reserved the right to go to trial on the remaining charges.

■ If delay were the only factor to be considered when deciding the pending motion, clearly respondent would be entitled to a dismissal. Delay, however, is only one of the factors meriting consideration. *See State v. Michael Bush,* Del.Super., IN–81–06–0503 FC *et seq.,* Bifferato, J. (June 24, 1982).

The leading case is *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In that case the court rejected two suggestions as to what the Constitution should require as to a speedy trial: (1) that there be a specified time period within which defendant is to be offered trial; and (2) failure of the defendant to demand trial gives rise to a presumption of waiver. The court, instead, opted for the balancing test in which the conduct of both the prosecution and the defendant are weighed in relation to each other. (407 U.S. 530). Stating that this test compels an *ad hoc* approach in determining speedy trial questions, the court then identified four factors, namely "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." (407 U.S. at 530, 92 S.Ct. at 2192). The balancing factors will now be considered.

### LENGTH OF DELAY

■ As we have seen eleven months have elapsed since the alleged incidents, and over seven months have elapsed since the petitions were executed. Almost six months have elapsed since the last scheduled trial date. The length of delay is significant. It is a triggering mechanism. But length of delay is not an all governing factor. The alleged offenses here are quite serious. We are not considering an ordinary street crime. Therefore, because of the seriousness of these offenses more delay is tolerable.

## REASON FOR DELAY

Respondent argues that the State is responsible for the delay because it has a prosecutorial duty to see that petitions are brought to trial expeditiously. But neither party can simply ignore a pending petition in the hope that someone in the scheduling department will schedule a hearing. For better or for worse the State does rely on the scheduling department for this function and does not keep track of petitions that have not gone to trial. While the State certainly has a responsibility in this area, respondent is not without responsibility. There is nothing in the record to suggest that respondent has been seeking the intervention of the scheduling department to fix a trial date. Even if the court were to look exclusively to the State for responsibility in seeing that these petitions were scheduled for trial, the most that can be said is that the State was negligent in its duty, since no one has suggested a deliberate attempt to delay trial in order to hamper the defense.

## RESPONDENT'S ASSERTION OF HIS RIGHT

Respondent has done nothing since January, 1982, to bring about a disposition of the pending charges, except for the filing of this motion. Certainly as I have just pointed out, respondent has a clear responsibility in this regard, which he has not bothered to undertake.

## PREJUDICE TO RESPONDENT

There are three interests to be considered under this heading:

(1) To prevent oppressive pretrial incarceration;

(2) To minimize anxiety and concern of the accused; and

(3) To limit the possibility that the defense will be impaired.

Oppressive pretrial incarceration is not a factor. While respondent might have been committed to the custody of the Department of Correction for other charges to which he pled guilty on January 26, 1982, the fact is that he received a suspended commitment and has been on probation since that date and continues on probation to the present time. He was never incarcerated on these charges.

With respect to minimizing the anxiety and concern of the accused, it is true that respondent has been anxious to enter the Federal Job Corps program. However, while it has been alleged that the pendency of these charges affects his ability to be accepted in the Job Corps, this allegation has not been proven and there is no assurance that respondent would be accepted in the Job Corps even if the pending charges were disposed of.

The most important factor is limiting the possibility that the defense will be impaired. There has been no allegation by respondent of any impairment in his ability to conduct his defense. So this is not a factor.

The court has carefully considered the balancing test factors and on balance concludes that the State has not failed at this juncture to provide respondent with a speedy trial. Therefore, respondent's motion to dismiss the pending charges for that reason is denied. However, the scheduling department is directed with the cooperation of both the State and respondent to fix a trial date for the two pending charges within the next two weeks before this Judge on an emergency basis so that these charges can be disposed of.

IT IS SO ORDERED.